UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WMC Mortgage, LLC, as successor to WMC Mortgage Corp.,<br><br>  Plaintiff,<br><br>v.<br><br>J.P. Morgan Mortgage Acquisition Trust 2006-WMC4, by U.S. Bank National Association, acting solely in its capacity as the Trustee pursuant to a Pooling and Servicing Agreement, dated as of December 1, 2006,<br><br>  Defendant. | Civil No. 12-3146 (DWF/AJB)<br><br><br><br>MEMORANDUM<br>OPINION AND ORDER |

Barbara S. Steiner, Esq., Matthew S. Hellman, Esq., Megan B. Poetzel, and Paul M. Smith, Esq., Jenner & Block; and Jenny Gassman-Pines, Esq., and Andrew M. Luger, Esq., Greene Espel PLLP, counsel for Plaintiff.

Ira H. Goldman, Esq., and Kathleen M. LaManna, Esq., Shipman & Goodwin LLP; and Charles G. Frohman, Esq., and Justin H. Perl, Esq., Maslon Edelman Borman & Brand, LLP counsel for Defendant.

INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendant U.S. Bank National Association ("U.S. Bank"), acting solely in its capacity as Trustee pursuant to a Pooling and Servicing Agreement ("PSA") dated December 1, 2006 (the "Trustee") (Doc. No. 15). For the reasons set forth below, the Court grants the motion.

## BACKGROUND

J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 (the "Trust") was formed as part of a residential mortgage backed security transaction (the "Securitization") in which the Trust took title to thousands of mortgage loans originated by Plaintiff WMC Mortgage, LLC ("WMC"). (Doc. No. 1, Compl. ¶¶ 11-14.) The Securitization was sponsored by J.P. Morgan Mortgage Acquisition Corp. ("JP Morgan") and secured by JP Morgan Chase Bank, N.A. (*Id.*) WMC sold various mortgage loans, including the right to service the loans, to JP Morgan, pursuant to a Mortgage Loan Sale and Interim Servicing Agreement dated July 1, 2005 (the "MLSA").[1] (*Id.* ¶¶ 2, 10, 11 & Ex. 1.) As part of the MLSA, WMC made certain representations and warranties concerning the loans, and granted JP Morgan a repurchase remedy in the event that certain conditions were met. (*Id.* ¶¶ 15-22.)

In or around December 2006, JP Morgan sold the Subject Loans, including the rights acquired under the MLSA (and therefore the right to repurchase), to J.P. Morgan Acceptance Corporation I ("JPMAC"), pursuant to an Assignment, Assumption and Recognition Agreement dated December 20, 2006 (the "AARA").[2] (*Id.* ¶ 12 & Ex. 2.) JPMAC later sold all rights, title, and interest in the Subject Loans, including its rights under the MLSA, to the Trust, pursuant to the terms of the PSA, which was between JPMAC (as Depositor), J.P. Morgan (as Seller), JP Morgan Chase Bank (as Servicer),

---

[1]     The Court refers to the particular loans at issue in this case as the "Subject Loans."

[2]     The Court refers to the MLSA and AARA together as the "Sale Agreements."

The Bank of New York ("BNY") (as Securities Administrator), and U.S. Bank (as Trustee). (*Id.* ¶¶ 13-14; Doc. No. 18, LaManna Decl. ¶ 3, Ex. 1 ("PSA") § 2.01.)

On or around September 18, 2012, attorneys claiming to act for the "beneficial owners of over 25% of the Voting Rights" of the Trust purported to notify U.S. Bank, WMC, and others that "at least 3,038" of the Trust's loans (the Subject Loans) breached WMC's representations and warranties set forth in the MLSA. (Compl. ¶ 2.) On September 20, 2012, U.S. Bank, as Trustee, sent a letter to WMC indicating that the Subject Loans breached representations and warranties made by WMC. (*Id.* ¶ 3.) U.S. Bank also asserted that WMC was required to repurchase the loans. (*Id.*)

On December 19, 2012, WMC filed this action (the "Present Action") in an effort to establish that it was not liable to U.S. Bank under the MLSA. (*Id.* ¶ 5.) Specifically, WMC seeks a declaration that it has no obligation to repurchase any of the Subject Loans. (*Id.*) One day later, on December 20, 2012, the Trust, by BNY (as Securities Administrator), initiated an action against WMC, General Electric Capital Corporation, JP Morgan, and JP Morgan Chase Bank (together, the "New York Defendants") in the Supreme Court of the State of New York (the "New York State Court Action"). (LaManna Decl. ¶ 7, Ex. 5.)[3] On February 24, 2013, BNY filed its complaint in the New York State Court Action. (*Id.* ¶ 8, Ex. 6 ("New York Compl.").) In the New York

---

[3] Defendants contend that BNY, and not U.S. Bank, is the proper plaintiff in the New York State Court Action because the PSA assigns the enforcement function exclusively to BNY as Securities Administrator. (LaManna Decl. ¶ 8, Ex. 6 ¶¶ 12-13 (citing PSA §§ 2.02, 2.03(a)(i) and (ii)).)

3

State Court Action, BNY seeks specific performance, damages, and other relief relating to the repurchase obligations of the New York Defendants. (New York Compl. ¶¶ 1-129.) Specifically, in the New York State Court Action, BNY alleges, among other things, that WMC (along with JP Morgan and JP Morgan Chase Bank) breached the MLSA by: making false representations and warranties; failing to repurchase the mortgage loans; failing to indemnify BNY; and failing to notify BNY of the breaches. (*See generally* New York Compl.) BNY also seeks a declaratory judgment that WMC and JP Morgan are required to comply with their repurchase obligations. (*Id.* ¶ 129.)

Defendants now move to dismiss (or at a minimum stay) the Present Action.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) is the proper vehicle by which to seek dismissal of a claim for lack of federal subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction may challenge a plaintiff's complaint either on its face or on the factual truthfulness of its averments. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted). When a defendant brings a facial challenge—a challenge that, even if truthful, the facts alleged in a claim are insufficient to establish jurisdiction—a court reviews the pleadings alone, and the non-moving party receives the same protections as it would defending against a motion brought pursuant to Rule 12(b)(6). *Id.* (citation omitted). In a factual challenge to jurisdiction, the court may consider matters outside the pleadings, and the non-moving party does not benefit from the safeguards of Rule 12(b)(6). *Id.* (citations omitted).

Defendants also challenge Plaintiff's Complaint under Rule 12(b)(6). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986) (citations omitted). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

5

## II.     Motion to Dismiss

A federal court's subject matter jurisdiction is limited to actual cases and controversies. *McClain v. Am. Econ. Ins. Co.*, 424 F.3d 728, 731 (8th Cir. 2005). A "controversy is a concrete and existing dispute between real parties whose interests are adverse." *T.L.J. v. Webster*, 792 F.2d 734, 738 (8th Cir. 1986). The case or controversy requirement is not satisfied when the plaintiff is seeking only an advisory opinion. *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("no justiciable controversy is presented . . . when the parties are asking for an advisory opinion").

District courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). A district court may decline to exercise discretion when there are parallel state-court proceedings involving the same parties and the same state-law issues. *Id*. at 290; *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). "Suits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'" *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) (quotation omitted). In exercising its discretion, a court considers "practicality and wise judicial administration." *Id*. (citing *Wilton*, 515 U.S. at 288). In addition, when exercising its discretion, the court may consider whether a particular declaratory judgment action is being used by a litigant as a tactical maneuver to deny a plaintiff the ability to choose its forum. *See, e.g.*, *BASF Corp. v. Symington*, 50 F.3d 555, 558 (8th Cir. 1995).

In the New York State Court Action, the Trust, by BNY, brought suit against the New York Defendants (including WMC), seeking specific performance, declaratory judgment, and damages for the New York Defendants' alleged failure to give notice of breaches of representations concerning mortgage loans, as well as a breach of their obligation to repurchase defective mortgage loans. (New York Compl. ¶¶ 1, 86-129.) Similarly, in the Present Action, WMC seeks a declaration that it is not liable for claims asserted against it in the New York State Court Action, including: a declaration that WMC is not required to repurchase the Subject Loans because U.S. Bank has not provided sufficient information to trigger the repurchase obligation; U.S. Bank did not provide it with prompt notice of the alleged breaches; and U.S. Bank has failed to establish that Plaintiff breached any of its representations or warranties or that any such breaches materially and adversely affect the value of the relevant mortgage loans. (Compl. ¶ 32 & Prayer for Relief.) In addition, Plaintiff seeks a declaration that it does not have an obligation to repurchase any liquidated mortgage loans. (*Id.*)

It is apparent that the purpose of this action is to obtain an opinion with respect to WMC's liability under the Sale Agreements and the PSA. The issues raised by WMC in the Present Action implicate state-law claims that are directly at issue in the New York State Court Action. In essence, WMC is asking the Court to declare that it should prevail on its defenses to certain claims pending in the New York State Court Action. Thus, the Court concludes that the Present Action involves substantially the same issues as the New York State Court Action. In addition, WMC is a named defendant in the New York State Court Action. While the plaintiff in the New York State Court Action is the Trust,

by BNY, instead of the Trust, by U.S. Bank, this distinction does not change the fact that the actions involve substantially the same parties. Defendants have pointed out that BNY is the party charged with enforcing the claims that WMC seeks to enjoin in the Present Action. Because the Present Action and the New York State Court Action involve substantially the same parties and substantially the same issues, the Court determines that they are parallel actions.[4]

While WMC appears to concede that the New York State Court Action is a parallel state-court action, WMC argues that this action should not be dismissed because WMC filed the present lawsuit one day before BNY initiated the action in New York. The Court respectfully disagrees. That the Present Action was filed earlier is not determinative of whether to dismiss or stay an action in favor of a later-filed case. Here, there is only a one-day difference between the filing of the Present Action and the initiation of the New York State Court Action, and both cases are in the very early stages of litigation. In addition, while the Present Action will not resolve all of the claims at issue in the New York State Court Action, the New York State Court Action will resolve all of the claims WMC has raised in the Present Action. Thus, the interests of judicial efficiency weigh in favor of declining to exercise jurisdiction here and in allowing the New York State Court Action to proceed.

---

[4] That the New York State Court Action includes additional parties and allegations does not negate the fact that, at least with respect to the legal issues involving WMC, this action is a "mirror image" of the New York State Court Action.

Under these circumstances, and for the reasons discussed above, the Court concludes that abstention under *Brillhart* and *Wilton* is appropriate. Thus, the Court declines to exercise jurisdiction over this declaratory judgment action. Because the claims in the Present Action are governed by state-law and will be resolved in the New York State Court Action, dismissal without prejudice, as opposed to a stay, is appropriate. *See, e.g., Gander Mountain Co. v. Arnold Crossroads, L.L.C.*, Civ. No. 10-167, 2010 WL 1170014, at *3 (E.D. Mo. March 23, 2010).

### ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. No. [15]) is **GRANTED**.

2. Plaintiffs' Complaint (Doc. No. [1]) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 22, 2013                s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge